IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

CASE NO. **1:10CV771** 

District Judge **J. BECKWITH**
Magistrate Judge LITKOVITZ

PATRICIA K. WRIGHT and
GLENN WRIGHT,

        Plaintiffs,

Vs.

BANK OF AMERICA, NATIONAL
ASSOCIATION AS SUCCESSOR BY
MERGER TO LA SALLE BANK, N.A.
AS TRUSTEE FOR WAMU MORTGAGE
PASS THROUGH CERTIFICATES SERIES
2006-AR19 TRUST,

        Defendant.

_____/



The Plaintiffs herein, PATRICIAL K. WRIGHT and GLENN WRIGHT, (hereinafter, WRIGHT) sue the Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LA SALLE BANK, N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-AR19 TRUST, (hereinafter, B of A) and state:

### PARTIES

1. The Plaintiffs, PATRICIA K. WRIGHT and GLENN WRIGHT are citizens and residents of the State of Florida.
2. B of A is a National Banking Association doing business nationally and, in particular as to this action, doing business in Cincinnati, Ohio.

3. The facts giving rise to this claim arose out of facts, circumstances and a parcel of real property located in Hamilton County, Ohio.

## JURISDICTION

4. Jurisdiction of this Court is invoked by virtue of the diversity of citizenship of the parties, in accordance with 28 U.S. Code, Section 1332.

5. This is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## COUNT I

## COMMON ALLEGATIONS

6. The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 5 above as if fully set forth herein.

7. B of A, through its predecessors in interest, LASALLE BANK, N.A., et al, on or about February 2009, filed a Complaint of Foreclosure against WRIGHT, seeking to foreclose on a portion of real property in Hamilton County, in the State of Ohio. That property, located at 7329 Waterpoint Lane, Cincinnati, Ohio , was more particularly described as

   Situated in the township of Anderson, County of Hamilton, and State of Ohio
   Situate in Military Survey No. 535 J. Green and Military Survey No. 1682 J. Nancarrow, Anderson township, Hamilton County, Ohio and being more particularly described as follows:
   Being all of Lot No. 44 of Windpoint Subdivision, Section 3 as recorded in Plat Book 266 pages 53-55 of the Hamilton County, Ohio Plat Records and Registered Land Plat Book 59 pages 45-47.
   There are excepted from the warranty covenants set forth herein, matters of zoning, conditions and restrictions, and easements of record.

8. Such mortgage foreclosure resulted in a Magistrate's decision granting Summary Judgment in favor of B of A, such Magistrate's decision being confirmed by the Judge of the Court of Common Pleas and ultimately resulting in an entry of sale and confirmation of entry of sale. The relevant documents reflecting the adoption of the Magistrate's decision and the sale are attached hereto as Composite Exhibit "A".

9. Thereafter, B of A sold this property to Joseph A. and Tracy V. Heller, such sale being recorded in the Public Records and reflecting a sale date of July 8, 2010.

10. Prior to completion of the Foreclosure and prior to completion of the sale of the property by B of A, WRIGHT, through counsel, and B of A, through its authorized representatives, had undertaken negotiations for the purchase or redemption of the property by third parties. Such third parties, as well as Wright, were represented by Tim Atteberry. The negotiations described herein were ongoing through April, May, June and July of 2010.

11. In furtherance of such ongoing negotiations, Tim Atteberry, as agent and representative of WRIGHT, secured an agreement from B of A to secure and maintain the furniture, fixtures and valuables remaining at the subject property (i.e., 7329 Waterpoint Lane). Such agreement on behalf of B of A was reduced to writing by an authorized agent and representative of B of A and communicated to Tim Atteberry on April 7, 2010. A copy of such communication from B of A's representative is attached hereto as Exhibit "B".

12. Notwithstanding the foregoing agreement between WRIGHT and B of A, at the time of the sale by B of A of the property to Tracy V. and Joseph A. Heller, all of the furniture, fixtures and valuables owned by WRIGHT were sold to Tracy V. and Joseph A. Heller, such sale being reflected on the closing documents and designated as being sold for a specific amount.

13. WRIGHT has made demand to recover the furniture, fixtures and valuable from B of A, but such demand has been refused.

14. WRIGHT has been deprived and continues to be deprived of the ownership and benefit of the furniture, fixtures and valuables.

## COUNT II
## BREACH OF CONTRACT

15. The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. The communication between Kate McCarthy, as authorized representative of B of A and Tim Atteberry, the authorized representative of WRIGHT, constitutes a contract between WRIGHT and B of A.
17. B of A breached the contract between itself and WRIGHT by failing to retain the furniture, fixtures and valuables and disposing of by sale to. Tracy V. and Joseph A. Heller.
18. As a direct and proximate result of the breach of contract by B of A, WRIGHT has been damaged.
19. All conditions precedent to this action have been waived or excused.

WHEREFORE, WRIGHT demands judgment for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs against B of A and further demands TRIAL BY JURY.

## COUNT III
## NEGLIGENCE

20. The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.
21. On or about April 7, 2010, B of A, through its authorized agent, agreed with WRIGHT to maintain, for the benefit of WRIGHT, custody and control of furniture, fixtures and valuables reposing at 7329 Waterpoint Lane, Cincinnati, Ohio.
22. Based on the foregoing agreement, B of A owed a duty to WRIGHT to maintain custody and control of such furniture, fixtures and valuables reposing at 7329 Waterpoint Lane, Cincinnati, Ohio.
23. B of A was negligent in fulfilling its duty to WRIGHT, in that it caused the furniture, fixtures and valuables to be sold to Tracy V. and Joseph A. Heller.
24. Based on the negligence of B of A, WRIGHT has been damaged.

WHEREFORE, WRIGHT demands judgment for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs against B of A and further demands TRIAL BY JURY.

## COUNT IV
## FRAUD

25. The Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

26. On or about April 7, 2010, B of A entered into an agreement with Tim Atteberry as authorized agent for WRIGHT to preserve and maintain custody and control of furniture, fixtures and valuables which B of A had under its control at 7329 Waterpoint Lane, Cincinnati, Ohio.

27. WRIGHT relied on the representations of B of A made by email on April 7, 2010 in permitting such furniture, fixtures and valuables to remain at the residence at 7329 Waterpoint Lane, Cincinnati, Ohio.

28. At the time of making such representation, B of A had no intention of fulfilling such representation and, instead, intended to sell such furniture, fixtures and valuables to whom ever ultimately purchased the residence at 7329 Waterpoint Lane, Cincinnati, Ohio.

29. As such, the representations of B of A on April 7, 2010, was false, was false when made and was made for the purposes of injuring WRIGHT.

30. As a direct and proximate result of the misrepresentations of B of A, relied on by WRIGHT, WRIGHT has been damaged.

WHEREFORE, WRIGHT demands judgment for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs against B of A, demands judgment for punitive damages based on the fraudulent conduct of B of A, and further demands TRIAL BY JURY.

DATED: 11/4/10

JEFFREY S. ROUTH, ESQUIRE
407 Vine Street, Suite 184
Cincinnati, Ohio 45202-2806
Telephone: (513) 579-1800
Facsimile: (208) 246-3719

By: _____
Jeffrey S. Routh