# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| PATRICIA WRIGHT, et al. | |
| Plaintiffs, | Case No. 1:10-cv-00771-SSB-KLL |
| vs. | Judge Beckwith |
| | Magistrate Judge Litkovitz |
| BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LA SALLE BANK, N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-AR19 TRUST, | DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| Defendant. | |

Defendant Bank of America, National Association as Successor by Merger to La Salle Bank, N.A. as Trustee for WAMU Mortgage Pass Through Certificates Series 2006-AR19 Trust ("Bank of America"), by and through counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment in its favor as to all Counts contained in Plaintiffs Patricia and Glenn Wright's Complaint as well as a judgment in its favor on its Counterclaim. There is no genuine issue of material fact related to the Wrights' claims for breach of contract, negligence, or fraud, and Bank of America is entitled to a judgment as a matter of law on those claims. Furthermore, no genuine issue of material fact exists relating to Bank of America's Counterclaim, and Bank of America is entitled to a judgment as a matter of law on that claim as well. This motion is based upon the pleadings, deposition testimony and exhibits filed in this action, the attached certificate of judgment, and the following Memorandum of Law.

Respectfully submitted,

s/Anthony J. Hornbach
Anthony J. Hornbach (0082561)
Tony.Hornbach@Thompsonhine.com
Thompson Hine LLP
312 Walnut Street, 14th floor
Cincinnati, OH 45202
(513) 352-6721
(513) 241-4771 (facsimile)

Laura A. Hauser (0041354)
Laura.Hauser@Thompsonhine.com
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
(216) 566-5660
(216) 566-5800 (facsimile)

*Counsel for Defendant Bank of America, National Association As Successor By Merger To LaSalle Bank, N.A. As Trustee For WAMU Mortgage Pass Through Certificates Series 2006-AR19 Trust*

# MEMORANDUM

I. **INTRODUCTION**

This lawsuit arises from the failure of Plaintiffs Glenn and Patricia Wright (collectively, the "Wrights") to retrieve their personal property (the "Personal Property") from one of their former homes (the "Residence") after it was sold out of foreclosure. Following the foreclosure sale of the Residence, the Wrights had 7 months to retrieve the Personal Property. During that time, the Wrights knew that they no longer owned the Residence, were informed that they needed to remove the Personal Property multiple times, and were even served multiple notices demanding that they vacate the Residence. Yet, they never removed any of the Personal Property and now have brought a lawsuit asserting claims against Bank of America for breach of contract, negligence, and fraud, seeking to recover around $1 million for the Personal Property. In response, Bank of America asserted a Counterclaim, requesting that the Court enforce unpaid monetary judgments (the deficiency) that Bank of America obtained against the Wrights in the foreclosure proceedings. All of the claims are ripe for summary judgment.

Each of the Wrights' claims relies solely upon an email sent from a paralegal at a law firm representing Bank of America stating that "the agent is aware the furniture is to stay in the property" and that "the property preservation crew will likely change the locks and winterize (if necessary), but the furniture will be left in the property." The Wrights allege that this email constitutes a contract and that Bank of America breached the contract "by failing to retain" the Personal Property. However, the Wrights admitted during their depositions that they never provided Bank of America any consideration in exchange for "retaining" the Personal Property, and therefore, the email cannot constitute a legal contract. Moreover, the undisputed evidence proves that Bank of America complied with everything stated in the email as the Wrights also

1

admitted that Bank of America left the furniture in the Residence. As a result, the Wrights' breach of contract fails as a matter of law.

The Wrights' negligence claim also cannot survive summary judgment because it is based only on the allegation that the email was an enforceable contract that created a duty upon Bank of America to "retain" the Personal Property. However, because the email is not a contract, Bank of America did not owe the Wrights any duties with respect to the Personal Property, and the Wrights cannot succeed on their negligence claim as a matter of law.

As for the Wrights' fraud claim, it is legally deficient for numerous reasons. First, nothing in the email was untrue, and so Bank of America did not misrepresent anything to the Wrights. Furthermore, no evidence exists proving that the paralegal drafting the email intended to mislead the Wrights in any way. In addition, the undisputed evidence proves that the Wrights could not have justifiably relied on the email for over three months. Thus, Bank of America is entitled to summary judgment on the Wrights' fraud claim as well.

Finally, the Court should grant Bank of America summary judgment on its Counterclaim and enforce a monetary judgment that it had previously obtained against the Wrights – the deficiency from the foreclosure litigation after the sale of the former Residence. Although they have had over a year to satisfy the judgment, the Wrights have not paid Bank of America a nickel on the judgment. The Court should not allow the Wrights to pursue monetary judgments against Bank of America at the exact same time that they are avoiding a judgment against them. Accordingly, the Court should grant Bank of America summary judgment on its Counterclaim in addition to summary judgment on all of the Wrights' claims.

## II. STATEMENT OF UNDISPUTED FACTS

In early 2009, Bank of America filed a foreclosure lawsuit in Ohio state court seeking to foreclose on the home at 7329 Waterpoint Lane, Cincinnati, Ohio (the "Residence"), and to recover monetary judgments against the Wrights for failing to make payments on their mortgage loan. G. Wright Tr. at 47:10-48:1;[1] McTigue Tr. at 10:4-22; Ex. 51. The Ohio court granted summary judgment in favor of Bank of America, holding that the mortgage loan was "in default because payments . . . have not been made" and that "there is due to [Bank of America] . . . the amount of $649,007.48 plus interest on the principal amount at the rate of 5.978% per annum from August 1, 2009," late charges, advances made for real estate taxes and insurance, and "all costs and expenses incurred for the enforcement of the [mortgage loan]." McTigue Tr. at 23:2-24:23; G. Wright Tr. at 68:14-70:14; Ex. 56; *see also* Certificate of Judgment (Appendix-Tab 17). On December 17, 2009, the Residence was sold in the foreclosure sale to Bank of America for $525,000. McTigue Tr. at 34:15-35:16; Ex. 64. The sale was subsequently confirmed, and the court ordered that $515,127.53 be applied toward the judgments entered in favor of Bank of America after court costs and taxes were deducted from the proceeds, leaving a sizable deficiency. McTigue Tr. at 36:1-37:8; Ex. 65. The Wrights have not paid the deficiency, and therefore, have not satisfied the judgments against them. G. Wright Tr. at 217:1-23. As of January 27, 2012, the Wrights owe Bank of America $166,702.63,[2] plus interest and other fees until the balance is paid.

---

[1] All evidence cited in this Memorandum including the deposition excerpts is contained in the Appendix to Motion for Summary Judgment. The complete deposition transcripts have also been filed contemporaneously with this Motion.

[2] This amount is the result of taking the $133,879.95 deficiency and adding in 5.98% interest compounded annually since August 1, 2008 and then adding the $2,929.55 that the Wrights owe for costs, all pursuant to the judgment issued in the foreclosure proceedings. *See* Certificate of Judgment.

3

Even though the Wrights were aware that the Residence was sold out of foreclosure in December, 2009 and no longer belonged to them, they did not remove any of the Personal Property from the home. G. Wright Tr. at 85:10-87:10, 123:8-11; Atteberry Tr. at 44:7-45:5; P. Wright Tr. at 49:11-14, 50:21-51:8. Following the sale, Bank of America informed Ed McTigue, the Wrights' attorney, that the Wrights needed to remove their Personal Property. McTigue Tr. at 39:13-23, 42:12-43:9, 44:10-21; G. Wright Tr. at 87:11-88:6, 88:17-89:12; Ex. 67. According to Mr. Wright, he knew that Bank of America was taking possession of the Residence and that Bank of America "wanted some guidance" as to what to do with the Personal Property. G. Wright Tr. at 88:17-89:12.

On March 4, 2010, Bank of America posted a "Personal Property Notice" on the Residence informing the Wrights that they had until April 8, 2010 to remove the Personal Property and that "[a]ny personal property that remains on the premises after April 8, 2010 will be thrown away or otherwise disposed of without any further notice." G. Wright Tr. 97:6-100:12; McTigue Tr. 49:7-52:11; Exs. 71, 72. Bank of America also sent the Personal Property Notice to Ed McTigue who forwarded it to the Wrights. G. Wright Tr. at 95:22-97:12; McTigue Tr. 52:20-53:3; Ex. 73

On April 7, 2010, Tim Atteberry, a mortgage banker who the Wrights had hired, contacted Kate McCarthy, a paralegal at the law firm that represented Bank of America and the asset preservation company that Bank of America had hired, to discuss the Personal Property. Atteberry Tr. at 28:22-29:9, 92:25-93:1; G. Wright Tr. at 116:5-117:1. Following the telephone conversation, Kate McCarthy sent Tim Atteberry an email stating, in part:

> I just wanted to confirm our conversation with you. I just confirmed with our client and the agent is aware the furniture is to stay in the property. Like I said, the property preservation crew

> will likely change the locks and winterize (if necessary), but the
> furniture will be left in the property.

Atteberry Tr. at 96:11-97:12; G. Wright Tr. at 116:5-22; Ex. 96. According to Mr. Wright who had listened in on the telephone conversation between Kate McCarthy and Tim Atteberry, Kate McCarthy's April 7, 2010 email to Mr. Atteberry "accurately confirm[ed] what was discussed during the conversation." G. Wright Tr. at 116:19-117:1, 118:25-119:11. Mr. Atteberry also testified that the April 7, 2010 email "confirm[ed] what Ms. McCarthy told" him. Atteberry Tr. at 97:9-12.

The Wrights never paid Bank of America or gave it anything to retain the Personal Property or the furniture in the Residence. G. Wright Tr. at 121:6-122:6; P. Wright Tr. at 46:23-47:15.

Bank of America did not remove any of the Personal Property, including the furniture, from the Residence. G. Wright Tr. at 123:8-11; P. Wright Tr. at 49:11-14, 50:21-51:8. After April 7, 2010, the Wrights **never** contacted anyone about the Personal Property. G. Wright Tr. at 123:12-24; P. Wright Tr. at 51:19-22; Atteberry Tr. at 106:8-11. On July 6, 2010, Bank of America sold the home.[3] T. Heller Tr. at 94:10-95:19. At the time of that sale, the Personal Property was still in the Residence. Parchman Tr. at 137:22-138:7; P. Wright Tr. at 49:11-14.

The Wrights have filed this lawsuit asserting claims for breach of contract and negligence based solely on the allegation that the April 7, 2010 email from Kate McCarthy to Tim Atteberry constitutes a legal contract. *See* Complaint at ¶¶11, 15-17, 20-24; P. Wright Tr. at 53:3-14; G. Wright Tr. at 146:13-16. The Wrights have also asserted a fraud claim alleging that Bank of America made fraudulent misrepresentations in the April 7, 2010 email. *See* Complaint at ¶¶26-27; P. Wright Tr. at 54:7-55:5; G. Wright Tr. at 147:21-24. Bank of America has asserted a

---

[3] Bank of America only sold the Residence and did not sell the Personal Property. Parchman Tr. at 112:10-114:9; J. Heller Tr. at 57:1-11; T. Heller Tr. at 64:20-25, 78:7-80:6; Ex. 30.

5

Counterclaim, requesting that the Court enforce the monetary judgments that it obtained in Ohio state court against the Wrights in the foreclosure lawsuit. *See, generally,* Counterclaim. Because no genuine issues of material fact exist on the Wrights' claims or Bank of America's Counterclaim, Bank of America requests that the Court grant summary judgment in its favor.

## III. LEGAL ARGUMENT

### A. SUMMARY JUDGMENT STANDARD UNDER RULE 56

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides that summary judgment shall be granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the Court of the basis for the motion, and must identify the portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can discharge its burden by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he bears the ultimate burden of proof at trial. *Id*.

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The nonmoving party must do this by presenting more than a scintilla of evidence in support of his position. *Id.* at 252.

The Court must grant summary judgment unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *Id.* at 249. If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the court is required to enter summary judgment. *Celotex Corp.,* 477 U.S. at 322.

Applying this standard, the Court should enter summary judgment in favor of Bank of America with regard to all of the Wrights' claims and Bank of America's Counterclaim.

### B. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF BANK OF AMERICA ON ALL OF THE WRIGHTS' CLAIMS.

#### 1. The Wrights' Breach of Contract Claim Fails as a Matter of Law.

The Wrights have asserted a breach of contract claim against Bank of America alleging that the April 7, 2010 email from Kate McCarthy to Tim Atteberry constitutes a contract and that Bank of America breached the contract "by failing to retain" the Personal Property. *See* Complaint at ¶¶11, 15-17. In order to succeed on their breach of contract claim under Ohio law, the Wrights must prove that (1) a valid contract existed between the parties, (2) they performed under the contract, (3) Bank of America breached the contract, and (4) they sustained injury as a result of Bank of America's breach. *Alpha Telecomm., Inc. v. Int'l Bus. Mach. Corp.*, 194 Fed. Appx. 385, 388 (6th Cir. 2006); *Integrated Architecture, LLC v. New Heights Gymnastics, LLC*, 2011 U.S. Dist. LEXIS 76164, [*3] (N.D. Ohio 2011); *Freeland v. Fidelity Nat'l Prop. and Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 107747, [*8] (S.D. Ohio 2010). A valid contract exists if there is an offer, acceptance, and consideration. *Prendergast v. Snoeberger*, 796 N.E.2d 588, 592 (Ohio Ct. App. 2003).

The Wrights cannot succeed on their breach of contract claim as a matter of law because (1) the April 7, 2010 email from Kate McCarthy is not a contract under Ohio law since Bank of

America was provided no consideration and (2) even if the April 7, 2010 email is a contract (which it is not), Bank of America did not breach any of its terms given that it did not remove any of the furniture from the Residence.

### a. The April 7, 2010 Email Does Not Constitute a Legally Enforceable Contract Because No Consideration Was Rendered to Bank of America.

The April 7, 2010 email from Kate McCarthy to Tim Atteberry is not a contract under Ohio law because the Wrights did not provide Bank of America with any consideration in exchange for keeping the Wrights' furniture in the Residence.

A lack of consideration "is a valid defense to a breach of contract action." *Brads v. First Baptist Church of Germantown, Ohio*, 624 N.E.2d 737, 743 (Ohio Ct. App. 1993). "[C]onsideration consists of either a benefit to the promisor or a detriment to the promisee." *Courtland Bishop v. The Childrens Ctr. for Developmental Enrichment*, 2011 U.S. Dist. LEXIS 87369, [*20] (S.D. Ohio 2011); *accord Prendergast*, 796 N.E.2d at 592. "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee." *Lake Land Empl. Group of Akron, LLC v. Columber*, 804 N.E.2d 27, 32 (Ohio 2004). "A gratuitous promise is not enforceable even if it is written and evidences an intent by the promisor to be bound." *Prendergast*, 796 N.E.2d at 592.

In *Shafer v. PSI Paper Systems, Inc.*, 61 Fed. Appx. 949 (6th Cir. 2003), the Sixth Circuit affirmed the Southern District of Ohio's decision to grant summary judgment in favor of a defendant on a breach of contract claim because the alleged contract was not supported by consideration. *Id.* at 952-53. Similarly, in *Prendergast v. Snoeberger*, an Ohio appellate court affirmed the trial court's ruling on summary judgment that it could not enforce an alleged

contract because it lacked consideration, explaining that "[a] contract that does not involve some exchange of consideration between the parties is not a contract at all." 796 N.E.2d at 592 (quoting *State v. Stanley*, 2002 Ohio 4372, [*20] (Ohio Ct. App. 2002)).

Just like the courts held in *Shafer* and *Prendergast*, this Court should hold that no contract existed between the Wrights and Bank of America because the alleged contract lacks consideration. The Wrights confirmed in their depositions that the April 7, 2010 email from Kate McCarthy to Tim Atteberry contains all of the terms of the alleged contract that forms the basis for their breach of contract claim. P. Wright Tr. at 53:3-14; G. Wright Tr. at 119:15-120:23, 146:13-16. In that email, Kate McCarthy stated that "the furniture will be left in the property." Ex. 96. However, nothing in the email states that Bank of America received anything in return for leaving the Wrights' furniture in the Residence. *See Id.* In fact, the Wrights admitted during their depositions that they never paid Bank of America or gave it anything to keep the Personal Property or the furniture in the Residence. *See* G. Wright Dep. Tr. at 121:6-122:6; P. Wright Dep. Tr. at 46:23-47:15. As a result, the Wrights did not provide Bank of America with any consideration in exchange for keeping the furniture in the Residence. Accordingly, the Wrights never entered into a valid contract with Bank of America regarding the Personal Property or the furniture, and their breach of contract claim fails as a matter of law. *See Shafer*, 61 Fed. Appx. at 952-53; *see also Prendergast*, 796 N.E.2d at 592.

        **b.**      **Even if the April 7, 2010 Email is a Contract (which it is not), Bank of America Did Not Breach the Contract.**

Even if the April 7, 2010 email from Kate McCarthy to Tim Atteberry constitutes an enforceable contract (which it does not), the undisputed evidence shows that Bank of America did not breach any of the contract's terms. In her April 7, 2010 email, the only thing that Ms.

McCarthy stated would occur was that "the furniture will be left in the property." Ex. 96. At their depositions, the Wrights admitted that no one removed the furniture from the Residence. G. Wright Tr. at 123:8-11; P. Wright Tr. at 49:11-14, 50:21-51:8. Mrs. Wright even testified that the furniture is still at the Residence. P. Wright Tr. at 49:11-14. Thus, the undisputed evidence proves that Bank of America complied with everything stated in Kate McCarthy's April 7, 2010 email, and therefore, Bank of America cannot be liable for breach of contract as a matter of law.

### 2. The Wrights' Negligence Claim Is Based Solely on the Allegation that a Contract Existed Between Bank of America and the Wrights, and Therefore, It Fails as a Matter of Law.

The Wrights assert a negligence claim against Bank of America, but the only basis for its claim is that the Wrights and Bank of America entered into a contract that created a duty "to maintain custody and control" of the Personal Property at the Residence. *See* Complaint at ¶¶20-24. However, as demonstrated above, the Wrights and Bank of America never entered into a contract, and as a result, Bank of America did not owe the Wrights a duty to preserve the Personal Property. *See Tilahun v. Philip Morris Tobacco Co.*, 2005 U.S. Dist. LEXIS 41361, [*14]-[*15] (S.D. Ohio 2005) (dismissing negligence claim because the plaintiffs could not substantiate the existence of a contract and could not offer any other theory as to why the defendants owed them a duty); *see also Groob v. KeyBank*, 108 Ohio St.3d 348, 353 (Ohio 2006) (holding that the relationship between a bank and obligor does not create a relationship between the parties). Accordingly, the Wrights' negligence claim cannot survive summary judgment as a matter of law.

### 3. The Wrights' Fraud Claim Fails as a Matter of Law.

The Court should also grant Bank of America summary judgment on the Wrights' fraud claim. Under Ohio law, the elements of common law fraud are:

(a) a misrepresentation;

(b) which is material to the transaction at hand;

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;

(d) made with the intent of misleading another into relying upon it;

(e) justifiable reliance upon the misrepresentation; and

(f) a resulting injury proximately caused by the reliance.

*Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083 (Ohio 1991); *accord Freeland*, 2010 U.S. Dist. LEXIS 107747 at [*16].

The Wrights cannot survive summary judgment on their fraud claim because (1) the undisputed evidence shows that Bank of America did not misrepresent any material fact to the Wrights, (2) there is no evidence that Ms. McCarthy intended to mislead the Wrights when sending her April 7, 2010 email to Mr. Atteberry, and (3) the undisputed facts show that the Wrights could not have justifiably relied on anything contained in Ms. McCarthy's April 7, 2010 email for more than 3 months. For each one of these reasons, the Court should grant Bank of America summary judgment on the Wrights' fraud claim.

#### a. The Undisputed Evidence Shows that Bank of America Did Not Make a Misrepresentation.

The Wrights cannot succeed on their fraud claim as a matter of law because the undisputed evidence shows that Bank of America did not make any misrepresentations to the Wrights. *See Russ*, 570 N.E.2d at 1083 (holding that a misrepresentation is a required element of

11

a fraud claim). The Wrights allege that Bank of America made fraudulent misrepresentations in the April 7, 2011 email that Ms. McCarthy sent to Mr. Atteberry. *See* Complaint at ¶¶26-27 (alleging that the Wrights "relied on the representations of [Bank of America] made by email on April 7, 2010"). In fact, the Wrights confirmed during their depositions that their fraud claim is based only on the representation in the April 7, 2011 email that "the furniture will be left in the property." P. Wright Tr. at 54:11-55:5; G. Wright Tr. at 147:21-24. Yet, the undisputed evidence shows that Bank of America never removed the furniture from the Residence, and according to Mrs. Wright, the furniture is "still there." *See* P. Wright Tr. at 49:11-14, 50:18-51:8; G. Wright Tr. at 123:8-11. As a result, Ms. McCarthy's statement that "the furniture will be left in the property" was not untrue, and therefore, Bank of America did not misrepresent that fact to the Wrights. Thus, the Wrights' fraud claim fails as a matter of law.[4] *See Lecrone v. Yates*, 2003 Ohio 1103, ¶¶25-27 (Ohio Ct. App. 2003) (affirming summary judgment in favor of defendant on a fraud claim after finding that alleged representation was not untrue).

        **b.**        **There is No Evidence that Ms. McCarthy Intended to Mislead the Wrights When Stating that "the furniture will be left" in the Residence.**

Aside from the fact that the representation that Bank of America would leave the furniture in the Residence was not false, there is absolutely no evidence in the record proving that Ms. McCarthy intended to mislead the Wrights when the alleged representation was made on April 7, 2011. *See Watson v. City of Cleveland*, 202 Fed. Appx. 844, 857 (6th Cir. 2006) (affirming the trial court's summary judgment ruling in favor of the defendant on a fraud claim

---

[4] For the exact same reason, the Wrights' fraud claim also fails because they have no evidence proving that Ms. McCarthy made the statements contained in the April 7, 2010 email with knowledge that they were false. *See Rorig v. Thiemann*, 2007 U.S. Dist. LEXIS 51653, [*20]-[*21] (S.D. Ohio 2007) (granting summary judgment in favor of defendant on fraud claim because, in part, no evidence existed proving defendant knowingly or recklessly made false representations); *see also Geier Bros. Farms v. Furst McNess Co.*, 186 F. Supp. 2d 798, 807 (N.D. Ohio 2002) (granting summary judgment for the defendant on a fraud claim because the plaintiff "offered no evidence to show that the representations were made with knowledge of their falsity").

12

because the plaintiff "presented no evidence that the defendants had an intent to defraud"). In fact, the evidence in the record shows that Bank of America lacked any intent to mislead the Wrights. Bank of America did not hide the Personal Property or prohibit the Wrights from recovering it. Rather, at the time that the alleged representation was made, the furniture was inside the Residence and it stayed there. *See* P. Wright Tr. at 49:11-14, 50:18-51:8; G. Wright Tr. at 123:8-11. Moreover, after Ms. McCarthy sent the April 7, 2011 email, the Wrights had over three months[5] to retrieve the Personal Property. Parchman Tr. at 137:15-138:4, G. Wright Tr. at 123:12-16; P. Wright Tr. at 49:11-14, 50:21-51:8; T. Heller Tr. at 94:10-95:19. Thus, the Wrights cannot produce any evidence proving that Ms. McCarthy intended to mislead them, and their fraud claim fails as a matter of law. *See Id.*; *see also Creative Hardwood Floors, Inc. v. Schafer*, 1998 Ohio App. LEXIS 1959, [*22] (Ohio Ct. App. 1998) (affirming summary judgment ruling in favor of defendant on plaintiff's fraud claim because no evidence existed that the statements were intended to mislead the plaintiff).

### c. The Wrights Did Not Justifiably Rely on the Statement that "the Furniture Will Be Left in the Property" as a Matter of Law.

The Wrights' fraud claim also fails as a matter of law because there is no dispute that the Wrights did not justifiably rely on the representation that their "furniture will be left in the property." Under Ohio law, "[r]eliance is justified if the representation does not appear unreasonable on its face and if, *under the circumstances*, there is no apparent reason to doubt the veracity of the representation." *Abbott v. Loss Realty Group*, 2005 Ohio 5876, ¶23 (Ohio Ct. App. 2005) (*quoting Crown Prop. Dev. Inc. v. Omega Oil Co.*, 681 N.E.2d 1343, 1349 (Ohio Ct. App. 1996)) (emphasis in original).

---

[5] This is in addition to the nearly four months that the Wrights had to remove their Personal Property after the foreclosure sale of the Residence and prior to the April 7, 2010 email.

The Wrights' reliance on Ms. McCarthy's representation for over three months was not justified under the circumstances. The Wrights knew that they had not owned the Residence since it was sold at the foreclosure sale on December, 2009. P. Wright Tr. at 48:10-20; G. Wright Tr. at 87:7-10. They also knew that Bank of America, the new owner, wanted them to remove the Personal Property as early as February, 2010. McTigue Tr. at 39:13-23, 42:12-43:9, 44:10-21. Despite knowing these things, after receiving Ms. McCarthy's April 7, 2010 email, the Wrights did not remove the Personal Property even though they had over 3 months to do so and never even contacted anyone about the Personal Property. P. Wright Tr. at 49:11-14, 50:21-51:8; G. Wright Tr. at 123:8-24. As a result, reasonable minds cannot possibly find that the Wrights' reliance was justified under the circumstances, and Bank of America is entitled to summary judgment on the Wrights' fraud claim for this reason as well. *See Id.* at ¶27 (affirming trial court's decision granting summary judgment in favor of defendant on plaintiffs' negligent misrepresentation claim because plaintiffs did not justifiably rely on the representations under the circumstances).

The Wrights' failure to remove the Personal Property from the Residence simply does not amount to actionable claims against their former lender and later owner of the Residence for breach of contract, fraud, or negligence. There is no genuine issue of material fact in dispute, and Bank of America is entitled to judgment as a matter of law on each and every one of those claims.

### C. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF BANK OF AMERICA ON ITS COUNTERCLAIM AGAINST THE WRIGHTS.

The Wrights have not satisfied a monetary judgment that Bank of America has previously obtained against them, and this Court should enforce that judgment. *See Berke v. Northcutt*, 798

F.2d 468, 468 (6th Cir. 1986) (holding "that a federal court must enforce a state court judgment" under the full faith and credit statute). In the lawsuit that Bank of America filed against the Wrights in Ohio state court in order to foreclose on the Residence, the court granted Bank of America a monetary judgment against the Wrights in the amount of $649,007.48 with interest at a rate of 5.98% per annum from August 1, 2008 plus late charges, advances, and $2,929.55 in legal costs. *See* Certificate of Judgment; McTigue Tr. at 23:2-24:23; G. Wright Tr. at 68:14-70:14; Ex. 56. After the foreclosure sale, the Ohio state court ordered that $515,127.53 be applied toward the monetary judgment entered in favor of Bank of America, leaving a sizable deficiency. McTigue Tr. at 36:1-37:8; Ex. 65. There is no dispute that the Wrights have not paid any money in order to satisfy the monetary judgment against them. G. Wright Tr. at 217:1-23. As of January 27, 2012, the Wrights owe Bank of America $166,702.63[6] plus interest and fees until the balance is paid. *See* Certificate of Judgment. As a result, this Court should grant Bank of America summary judgment on the Counterclaim or, at the very least, find that Bank of America is entitled to setoff the amount outstanding on the judgment as a matter of law. *See Berke*, 798 F.2d at 468.

## III. CONCLUSION

For the foregoing reasons, Bank of America is entitled to judgment as a matter of law on the Wrights' claims for breach of contract, negligence, and fraud as well as judgment as a matter of law on its claims seeking to enforce monetary judgments obtained against the Wrights in a prior state court proceeding. Therefore, the Court should grant summary judgment in favor of Bank of America on the Complaint and on its Counterclaim, dismissing the Complaint with prejudice, and entering judgment in favor of Bank of America on the Counterclaim.

---

[6] This explanation for this amount is set forth in Footnote 2 of this Memorandum.

Respectfully submitted,

s/Anthony J. Hornbach_____
Anthony J. Hornbach (0082561)
Tony.Hornbach@Thompsonhine.com
Thompson Hine LLP
312 Walnut Street, 14th floor
Cincinnati, OH 45202
(513) 352-6721
(513) 241-4771 (facsimile)

Laura A. Hauser (0041354)
Laura.Hauser@Thompsonhine.com
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
(216) 566-5660
(216) 566-5800 (facsimile)

*Counsel for Defendant Bank of America, National Association As Successor By Merger To LaSalle Bank, N.A. As Trustee For WAMU Mortgage Pass Through Certificates Series 2006-AR19 Trust*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via this Court's ECF filing system upon all counsel of record, this 27th day of January, 2012.

                                                s/Anthony J. Hornbach
                                                *Trial Attorney for Defendant*

838838.3